UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRY SMITH,

                Plaintiff,

                                      DECISION AND ORDER

                                      07-CV-6039L

            v.

SCOTT CLAIR,
EMILIA RUTIGLIANO,

                Defendants.
_____

       This is a civil rights action brought by a *pro se* plaintiff, Terry Smith, who is an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). On February 16, 2010, defendant Scott Clair filed a motion for summary judgment. Pursuant to the Court's scheduling order (Dkt. #17), plaintiff had until March 23, 2010 to respond to the motion. He has not done so.

       Clair's motion and the Court's scheduling order were mailed to plaintiff at Coxsackie Correctional Facility, which is the address listed on the docket sheet in this case. According to the DOCS inmate lookup service, http://nysdocslookup.docs.state.ny.us, however, plaintiff is currently housed at the Clinton Correctional Facility.

       Although there is no indication that the scheduling order or other mailings have been returned as undeliverable, there is thus some question as to whether plaintiff ever received a copy of Clair's motion or the scheduling order. **Accordingly, the New York State Attorney General, as counsel**

**for Clair, is hereby directed to mail a copy of his motion papers, along with a copy of this Order, to plaintiff at Clinton Correctional Facility, within ten (10) days of the date of issuance of this Order.**

**MOTION SCHEDULING ORDER AND NOTICE TO *PRO SE* PLAINTIFF**

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF DOES NOT RESPOND TO THIS MOTION by filing his own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rules 7.1(e) and 56 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to submit the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he may direct them to the Pro Se Office.

Plaintiff must submit any supplemental affidavits or materials in opposition to defendant's motion no later than **July 23, 2010.** The Court has determined that it will not hold oral argument on the motion, but will decide the motion based the papers submitted.

Plaintiff is also reminded that pursuant to rule 5.2(d) of the Local Rules of Civil Procedure for the Western District of New York, all parties appearing *pro se* are required to furnish the Court with a current mailing address at all times. It is not the Court's responsibility to independently track plaintiff's movements or changes of address. **If plaintiff fails to keep the Court apprised of his current address, he runs the risk that his complaint may be dismissed with prejudice.** *See Hartzog v. Rabideau*, No. 05-CV-0554, 2010 WL 2010948, at *15 (W.D.N.Y. May 18, 2010).

IT IS SO ORDERED.

                                                      DAVID G. LARIMER
                                                      United States District Judge

Dated: Rochester, New York
       June 16, 2010.