UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRY SMITH,

                        Plaintiff,

                                                  DECISION AND ORDER

                                                  07-CV-6039L

            v.

SCOTT CLAIR,
EMILIA RUTIGLIANO,

                        Defendants.
_____

Plaintiff, Terry Smith ("Smith"), commenced this civil rights action, *pro se,* against Scott Clair, the Unit Chief of the New York State Office of Mental Health, and Emilia Rutigliano, M.D., a staff psychiatrist at the Attica Correctional Facility. Smith alleges an Eighth Amendment violation that both defendants subjected him to cruel and unusual punishment for their deliberate indifference to his medical needs.

Defendant Scott Clair has moved for summary judgment (Dkt. #11). Defendants assert that co-defendant Emilia Rutigliano has never been served as a defendant in the action. Plaintiff was given notice of the motion at the state correctional institution that he lists on the court docket sheet and the Court further directed the Assistant Attorney General appearing for defendants to submit a

second copy of the motion papers to another institution, Clinton Correctional Facility, where it appears that plaintiff is now located.

Many months have passed and plaintiff has failed to respond in any way to the pending motion for summary judgment. The Court must, though, consider whether summary judgment is appropriate based on the complaint and the moving papers and not simply rely on plaintiff's failure to respond.

After reviewing the papers and the affidavit submitted in support of the motion, I believe defendant Scott Clair is entitled to summary judgment. I believe there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.

To state an Eighth Amendment claim, a plaintiff must demonstrate that prison officials acted with deliberate indifference to his medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). It is well-established that this deliberate indifference standard has both an objective and a subjective prong. The alleged deprivation must in objective terms be sufficiently serious and the official must act with a sufficiently culpable state of mind, that is, he must have acted with the intent to cause plaintiff harm.

In this case, Smith has failed to establish either prong of that test. First of all, I agree with defendant that plaintiff has failed to demonstrate that he had a sufficiently serious medical condition. A review of the materials submitted demonstrates that plaintiff was regularly treated at the mental health clinic by Dr. Rutigliano and others. He was receiving medication and based on Dr. Rutigliano's medical opinion was weaned off of Paxil because she believed that was not appropriate medicine for Smith's medical condition. There is no evidence that the defendant Clair or Rutigliano

took any action against plaintiff for any improper motive. The record demonstrates that Smith was treated numerous times. At most, this amounts to nothing more than plaintiff's disagreement with the type of care and the level of medication that the doctor prescribed. Such a disagreement does not establish a constitutional violation. Even if the allegation amounted to a claim of negligence or malpractice, which this clearly does not establish, that would not be the basis for a civil rights violation and would warrant dismissal of the case. The evidence in the record indicates that Dr. Rutigliano and the defendant Clair provided Smith with care that they believed was appropriate in light of Smith's medical and psychiatric needs and simply because Smith disagreed with an aspect of that treatment does not state a civil rights action under § 1983.

Furthermore, based on the evidence, I believe plaintiff has failed to demonstrate that defendant Clair had any personal involvement in the matters of which he complains. Therefore, for that reason also plaintiff's complaint must be dismissed.

## CONCLUSION

Defendant Scott Clair's motion for summary judgment (Dkt. #11) is granted and the complaint against both defendants Scott Clair and Emilia Rutigliano is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 17, 2010.